1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS DENTON,

                                    Plaintiff,

        v.

FRED FIGUEROGA et al.,

                                    Defendants.

No. 2:10-1966RJB/JRC

ORDER GRANTING PLAINTIFF'S
MOTION FOR AN EXTENSION OF TIME
AND ISSUING A SCHEDULING ORDER

        This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate

Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and(B) and Local Magistrate Judge Rules MJR 1,

MJR 3, and MJR 4. Before the court is plaintiff's motion for an extension of time to respond to a

pending motion to dismiss filed by some of the defendants (ECF No. 21).  Defendants who filed

the motion to dismiss are represented by Assistant Attorney General Douglas Carr.  They do not

object to the motion to extend time (ECF No. 22).  Other defendants are not represented.

        The motion to extend time is GRANTED.  Plaintiff will have until May 27, 2011 to

respond to the motion to dismiss.  Any reply may be filed on or before June 10, 2011.  The

motion to dismiss (ECF No. 16) is re-noted for June 10, 2011.

ORDER - 1

Several defendants who are not represented by the Washington State Attorney General's office have filed an answer (ECF No. 18).  A scheduling order is therefore appropriate:

Discovery

All discovery shall be completed by August 26, 2011.  Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by that date, as well.  Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories.  The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

Motions

Any dispositive motion shall be filed and served on or before September 23, 2011. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar.  That date shall be the fourth Friday following filing of the dispositive motion.  All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion.  Failure to file and serve timely opposition to a motion may result in the court not considering the opposition and ruling on the motion as if no opposition had been filed.  The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

ORDER - 2

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

### Joint Status Report

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than **January 20, 2012**.  The joint status report shall contain the following information by corresponding paragraph numbers:

1.      A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2.      A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3.      A list of all exhibits to be offered into evidence at trial;

4.      A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

ORDER - 3

5.      Whether the parties agree to arbitration or mediation under this district's

arbitration program, and if so whether the arbitration will be final and conclusive or the right to

trial de novo will be preserved (see Local Rule CR 39.1(d));

6.      Whether the case should be bifurcated by trying the liability issues before the

damages issues, or specially managed in any other way;

7.      Any other suggestions for shortening or simplifying the trial in this case;

8.      The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

9.      The dates on which trial counsel are unavailable and any other complications to

be considered in setting a trial date;

10.     Whether the trial will by jury or non-jury;

11.     The number of trial days required, and suggestions for shortening trial;

12.     The names, addresses, and telephone numbers of all trial counsel and

unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate

paragraphs.  Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be

responsible for initiating communications for the preparation of the joint status report.

## Proof of Service & Sanctions

All motions, pretrial statements and other filings shall be accompanied by proof that such

documents have been served upon counsel for the opposing party (or upon any party acting pro

se).  The proof shall show the day and manner of service and may be by written acknowledgment

of service, by certificate of a member of the bar of this court, by affidavit of the person who

served the papers, or by any other proof satisfactory to the court.  Such proof of service shall

ORDER - 4

1  accompany both the original and duplicates filed with the Clerk.  Failure to comply with the

2  provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

3       The clerk's office is directed to remove ECF No. 21 from the court calendar, and re-note

4  ECF No. 16 for June 10, 2011.

5       DATED this 18th day of April, 2011.

6

7

8

9                      _____

10                     J. Richard Creatura

                     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5