UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS DENTON, <br><br> Plaintiff, <br><br> v. <br><br> FRED FIGUEROGA et al.. <br><br> Defendants. | CASE NO. 2:10-1966 RJB <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: JULY 29, 2011 |

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendants Brazington and the State of Washington have filed a motion to dismiss (ECF NO. 16).

The court granted plaintiff a lengthy extension of time to file a response to the motion to dismiss (ECF No. 23). Plaintiff did not file any opposition to the motion.

The State of Washington asks that all claims against it be dismissed based on Eleventh Amendment immunity.

REPORT AND RECOMMENDATION - 1

Defendant Brazington does not seek to have all claims against her dismissed, only the claims relating to deprivation of property and access to the prison grievance system. The claim relating to interference with mail would remain in the action (ECF No. 16, pages 1-2). Ms. Brazington moves for dismissal on the grounds that the state has a remedy for alleged deprivation of property, and because there is no constitutional right to a grievance system. (ECF No. 16).

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Pursuant to 28 U.S.C. § 1915(e), the court must dismiss an in forma pauperis complaint when said complaint is frivolous or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

DISCUSSION

1. Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 517 U.S. 44, 72 (1996) *overruled in part by* Central Valley Community College v. Katz, 546 U.S. 356, 363 (2006); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996).

Neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Section 1983 claims against a state is therefore legally frivolous. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). This rule applies equally to state agencies. See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). A governmental agency that is an arm of the state is not a

"person" for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007).

The court recommends that the State of Washington's motion to dismiss be GRANTED.

2. Deprivation of property.

An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. Hudson v. Palmer, 468 U.S. 517, 534 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees through the state tort act. Jeffries v. Reed, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986). A person who believes that they have a claim against the state may file a tort claim. If the claim is denied the person may then file an action in state court that names the State of Washington as a defendant. The court recommends Ms. Brazington's motion to dismiss this issue be GRANTED.

3. Access to the grievance process.

The Ninth Circuit has repeatedly stated that a prison's failure to follow its own grievance procedure does not give rise to a claim under 42 U.S.C. §1983. Moody v. Martinez, 1994 WL 650090, *citing* Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). There is no duty for a state to have grievance system; therefore, denial of access to the system is not a constitutional violation. The court recommends that Ms. Brazington's motion to dismiss on this issue be GRANTED.

CONCLUSION

The court recommends that the State of Washington's motion to dismiss be GRANTED. Defendant Brazington's motion should also be GRANTED on the deprivation of property and

access to the prison grievance procedure claims. Defendant Brazington remains as a defendant in this action based on a separate claim regarding mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See</u> also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. <u>See</u>, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 29, 2011 as noted in the caption.

Dated this 6th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge