UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS DENTON,

          Plaintiff,

  v.

FRED FIGUEROGA et al.,

          Defendants.

CASE NO. C10-1966-RJB-JRC

ORDER GRANTING A SIXTY-DAY EXTENSION OF TIME.

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Defense Counsel for Corrections Corporation of America, asks that the Court extend the discovery and dispositive motion deadlines for sixty days (ECF No. 39). Counsel explains that defendants have discovery requests that plaintiff has not answered. A motion to compel discovery is noted for February 24, 2012 (ECF No. 40, 41). Plaintiff has not responded to the motion to extend time. The motion is GRANTED. A new scheduling order is in order:

## Discovery

All discovery shall be completed by April 27, 2012. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least thirty (30) days before the deadline in order to allow the other party time to answer.

## Motions

Any dispositive motion shall be filed and served on or before May 25, 2012. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the fourth Friday following filing of the dispositive motion. All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file, not later than 4:30 p.m. on the Thursday immediately preceding the Friday designated for consideration of the motion, a response to the opposing party's briefs and affidavits. The documents must indicate in the upper right-hand corner the name of the magistrate judge to whom the documents are to be delivered.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue

of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

<u>Joint Status Report</u>

Counsel and pro se parties are directed to confer and provide the court with a joint status report by no later than September 28, 2012.  The joint status report shall contain the following information by corresponding paragraph numbers:

    1.    A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

    2.    A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

    3.    A list of all exhibits to be offered into evidence at trial;

    4.    A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

    5.    Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

    6.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

ORDER GRANTING A SIXTY-DAY EXTENSION
OF TIME. - 3

1     7.    Any other suggestions for shortening or simplifying the trial in this case;

2     8.    The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

3     9.    The dates on which trial counsel are unavailable and any other complications to

4 be considered in setting a trial date;

5     10.    Whether the trial will by jury or non-jury;

6     11.    The number of trial days required, and suggestions for shortening trial;

7     12.    The names, addresses, and telephone numbers of all trial counsel and

8 unrepresented (pro se) parties who intend to appear at trial.

9     If the parties are unable to agree on any part of the report, they may answer in separate

10 paragraphs.  Separate reports are not to be filed.  Plaintiff's counsel (or plaintiff, if pro se) will be

11 responsible for initiating communications for the preparation of the joint status report.

12 Proof of Service & Sanctions

13     All motions, pretrial statements and other filings shall be accompanied by proof that such

14 documents have been served upon counsel for the opposing party (or upon any party acting pro

15 se).  The proof shall show the day and manner of service and may be by written acknowledgment

16 of service, by certificate of a member of the bar of this court, by affidavit of the person who

17 served the papers, or by any other proof satisfactory to the court.  Such proof of service shall

18 accompany both the original and duplicates filed with the Clerk.  Failure to comply with the

19 provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

20     The Clerk of Court is directed to send a copy of this Order to plaintiff.

21     DATED this 9th day of February, 2012.

22

23                                        J. Richard Creatura

24                                        United States Magistrate Judge