UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS DENTON,

                Plaintiff,

      v.

FRED FIGUEROGA, et al.,

                Defendants.

CASE NO. C10-1966 RJB-JRC

ORDER ON PENDING MOTIONS

       The District Court has referred this action to United States Magistrate Judge, J. Richard Creatura.  The authority for the referral is 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Before the Court are defendants' motion for sanctions (ECF No. 47) and a motion by plaintiff's counsel to withdraw from the case (ECF No. 52).

       Plaintiff's counsel wishes to withdraw from this action and states that his practice is closing so that he can pursue "other professional opportunities." Plaintiff's counsel will ensure that plaintiff has copies of all outstanding discovery requests and a copy of the complaint BEFORE he is allowed to withdraw from the action.  Counsel will inform the Court when he has delivered these documents to his client.  Counsel should contact the Legal Liaison Officer at the facility to make arraignments for delivery of the documents. When counsel provides the

1    documents to his client, the documents may be searched by prison officials for contraband, but

2    should not be read. Scanning through the documents to ensure that it is what it purports to be is

3    not reading. Counsel will make arrangements with the legal liaison officer to either hand deliver

4    the documents or mail them to his client.

5         Counsel states that his client is at the "Monroe Correctional Facility in Yakima,

6    Washington." (ECF No. 52). The Monroe Correctional Complex, which includes the Washington

7    State Reformatory, the Twin Rivers Correction Center and the Special Offenders Center, is

8    located in Monroe Washington. There is no longer a Washington State prison facility in Yakima.

9         The Court is mindful that a cost bill of two thousand two hundred and sixty-nine dollars

10   and forty-eight cents was entered against plaintiff's counsel, (ECF No. 46). Defense counsel

11   states that they have not received payment, (ECF No. 53).  Failure to satisfy the costs and fees

12   awarded on April 17, 2012, may result in further action by the Court adverse to plaintiff's

13   counsel. The motion to withdraw is otherwise GRANTED.

14        Defense counsel asks the Court to dismiss this action, or in the alternative to enter an

15   order deeming the matters in the unanswered discovery "admitted and/or prohibiting Plaintiff

16   from offering as evidence in support of his claims and document or testimony concerning

17   information requested in Defendant's discovery." (ECF No. 47, page 2). As a second alternative,

18   defendant asks the Court to extend all deadlines to allow for discovery and a dispositive motion.

19   Id. Defendant also asks for additional fees and costs associated with this motion (ECF No. 47,

20   page2).

21        Plaintiff's counsel has responded and states that when he requested information from his

22   client, his client informed him that the entire file had been seized by the Monroe Correction

23   Facility (ECF No. 51). Counsel states that the documents were recovered in late December or

24

1    early January, 2012, but that it became evident that counsel needed direct communication with

2    his client to answer the discovery. Counsel complains that it has been difficult to maintain

3    "continuous contact" with his client, in part because his client is exercising his right to private

4    telephonic communications. Defendants have been able to depose plaintiff and, according to

5    plaintiff's counsel, obtained some of the discovery they seek (ECF No. 51, page 4).

6         Plaintiff's reasons for the delay explain the circumstances, but these reasons do not

7    excuse the delay in this case. Counsel may contact the legal liaison at any Washington prison and

8    initiate setting a time and date for a non recorded legal call with their client. Mail that is marked

9    as "legal mail" may be opened in the inmates presence and scanned to ensure it does not contain

10   contraband, but it may not be not read by prison officials.

11        The Court will not recommend dismissal of this action at this point in time. The Court

12   will not enter an order deeming requests for admission admitted because no such order is needed.

13   See Fed. R. Civ. P. 36 (a) (3).

14        The Court has reviewed the discovery at issue (ECF No 47 Exhibits 1 and 2). Plaintiff

15   will have until **July 6, 2012**, to answer "defendant's first set of non-uniform interrogatories to

16   plaintiff." Objections have been waived. If plaintiff does not know a date or name he needs to

17   respond to a request, and if he cannot readily obtain the information, then he should state that he

18   does not know that information when he answers that interrogatory.

19        Plaintiff will also have until July 6, 2012, to respond to "defendant's first request for

20   production of documents to plaintiff."  Plaintiff need only provide the documents that are in his

21   or his counsel's possession or documents that he intends to enter as evidence.

22

23

24

1    The scheduling order (ECF No. 36) is stayed pending plaintiff's compliance with this

2  order. If plaintiff fails to comply defendant may renew the motion to dismiss the action. The

3  Court will not award additional fees or costs at this time.

4    Dated this 23rd day of May, 2012.

5

6                                              _____
                                               J. Richard Creatura
7                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON PENDING MOTIONS - 4